UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL VANHORN, et al., | : | Case No. 2:24-cv-3597 |
| Plaintiffs, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Karen L. Litkovitz |
| ALEX LAPE, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

On July 1, 2024, plaintiffs Vanhorn, Cook, Knott, Bared, and Severance—prisoners at the Fairfield County Jail—commenced this civil rights action. (*See* Doc. 1). Plaintiffs did not pay the filing fee or file complete motions for leave to proceed *in forma pauperis*.

On July 22, 2024, the undersigned issued a Deficiency Order requiring plaintiff Vanhorn to file a complete *in forma pauperis* application, including a properly filled out prisoner account certificate. (*See* Doc. 3). The remaining plaintiffs—Cook, Knott, Bared, and Severance—were each ordered to file a motion for leave to proceed *in forma pauperis* (including a certified copy of their prison trust fund account statement) or pay their portion of the $405.00 filing fee. (*Id.*). Plaintiffs were provided with thirty (30) days to comply with the Order and advised that "[i]f any plaintiff fails to comply with this Order, they will be dismissed from this action as a plaintiff for want of prosecution." (*Id.* at PageID 23).

On July 31, 2024, the Deficiency Order was returned as undeliverable with respect to plaintiff Vanhorn. (*See* Doc. 4). Plaintiffs Bared, Cook, and Knott filed a Notice and Motion indicating that they had requested their prisoner trust fund account statements from the Fairfield

County Jail. (*See* Doc. 5, 8).

The Court construed the Motion as a motion for an extension of time and, on September 11, 2024, granted plaintiffs an additional thirty days to pay their portion of the filing fee or file a complete application and affidavit to proceed without prepayment of fees *and* a certified copy of their trust fund account statement. (Doc. 9). Plaintiffs were again advised that failure to comply with the Order would result in the dismissal of this case for want of prosecution. (*Id.* at PageID 42). The Order was returned as undeliverable with respect to defendants Severance and Vanhorn. (Doc. 10, 11). The remaining plaintiffs failed to respond to the Order.

The undersigned issued a third Deficiency Order on October 16, 2024, again advising plaintiffs that failure to comply with the Order would result in the dismissal of this case for want of prosecution. (Doc. 12 at PageID 55). On November 5, 2024, the Deficiency Order was returned as undeliverable with respect to plaintiffs Vanhorn, Severance, Knott, and Bared. (*See* Doc. 14).

To date, more than thirty (30) days after the October 16, 2024 Deficiency Order, plaintiffs Vanhorn, Severance, Knott, and Bared have failed to respond to or otherwise comply with the Order.[1]

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to inform the Court of a change in address or to

---

[1] On November 1, 2024, plaintiff Cook filed a motion in response to the October 16, 2024 Deficiency Order. (Doc. 13). The remaining plaintiffs have not responded or provided the Court with updated mailing addresses.

2

respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution as to plaintiffs Vanhorn, Severance, Knott, and Bared.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

November 15, 2024

Karen L. Litkovitz
United States Magistrate Judge

3