# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PAUL VANHORN, et al., | : Case No. 2:24-cv-3597 |
| Plaintiffs, | : |
| vs. | : District Judge Michael H. Watson |
| | : Magistrate Judge Karen L. Litkovitz |
| ALEX LAPE, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

On July 1, 2024, plaintiffs Vanhorn, Cook, Knott, Bared, and Severance—prisoners at the Fairfield County Jail—commenced this civil rights action. (*See* Doc. 1). Plaintiffs did not pay the filing fee or file complete motions for leave to proceed *in forma pauperis*.

The Court subsequently issued multiple Deficiency Orders, requiring plaintiffs to pay the filing fee or file complete motions for leave to proceed *in forma pauperis*. (*See* Docs. 3, 9, 12). With respect to plaintiff Vanhorn, although plaintiff filed a motion to proceed *in forma pauperis*, he failed to provide a certified copy of his prison trust fund account statement. (*See* Doc. 1, 3).

On November 15, 2024, after plaintiffs failed to respond to the Deficiency Orders or provide the Court with up-to-date mailing addresses, it was recommended that this action be dismissed as to plaintiffs Vanhorn, Severance, Knott, and Bared. (Doc. 15). On December 31, 2024, the Court adopted the Report and Recommendation. (Doc. 26). However, the Court noted that during the pendency of the Report and Recommendation the Fairfield County Jail submitted prisoner trust fund account for plaintiffs, which appeared to cure the deficiency with respect to plaintiff Vanhorn. On this basis, the Court returned the matter to the undersigned to determine whether Vanhorn's motion is now complete and whether, not withstanding

completeness, Vanhorn's claims should still be dismissed for failure to prosecute. (*Id.* at PageID 234).

Although Vanhorn's *in forma pauperis* application is now complete, the undersigned recommends that this action be dismissed for want of prosecution as to plaintiff Vanhorn. A pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)). *See also United States v. $9,171.00 United States Currency*, No. 116CV00483, 2019 WL 2996930, at *1 (S.D. Ind. June 21, 2019), report and recommendation adopted, No. 116CV00483, 2019 WL 2995319 (S.D. Ind. July 9, 2019) ("[E]ven without an effective means of contact, the duty remains on the litigant to monitor the court docket.").

In this case, the December 13, 2024 submission of plaintiff's trust fund account statement appears to have been in response to the Court's November 15, 2024 Order to the Fairfield County Jail cashier and not the result of any action taken by Vanhorn. (*See* Doc. 16 at PageID 16). Furthermore, since initiating this case on July 1, 2024, all Notices, Orders, Report and Recommendations, and other mail issued in this case have been returned as to plaintiff Vanhorn marked as "Undeliverable. Not Deliverable as Addressed. Unable to Forward." (*See* Doc. 2, 4, 7, 11, 14, 18). Plaintiff Vanhorn has not provided the Court with an up-to-date address nor is the Court otherwise aware of an address for plaintiff.[1]

---

[1] Based on the online docket records of the Fairfield County Municipal Court, it appears that Vanhorn was released on a personal recognizance bond on July 2, 2024. Most recently, on August 16, 2024, an entry indicates that plaintiff failed to appear for trial and a bench warrant was issued. Viewed at https://search.fcmcourt.org/recordSearch.php under Case No. CRB2400417A. This Court may

2

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). By failing to keep the Court apprised of his current address, plaintiff Vanhorn has failed to diligently pursue the prosecution of this action. Accordingly, plaintiff's case should be **DISMISSED** for want of prosecution.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution as to plaintiff Vanhorn.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

January 10, 2025

Karen L. Litkovitz
United States Magistrate Judge

---

take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).